UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62041-CIV-SMITH

**NELSON FERNANDEZ**,

Plaintiff,

vs.

**FARINAROSARIGASINA LLC, d/b/a DI FARINA, a Florida limited liability company**,

Defendant.
_______________________________/

**JOINT MOTION FOR APPROVAL AND ENTRY OF CONSENT DECREE AND TO DISMISS ACTION WITH PREJUDICE**

Plaintiff NELSON FERNANDEZ and Defendant FARINAROSARIGASINA LLC, d/b/a DI FARINA, by and through their respective undersigned counsel, hereby move for the Court's approval and entry of the attached Consent Decree and for the dismissal of this action with prejudice.

1. This is an action under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("Title III" of the "ADA"). Plaintiff alleges that Defendant violated Title III of the ADA due to Defendant's website located at https://difarinapasta.com not being sufficiently accessible to visually impaired individuals. Defendant denies that its website is a public accommodation or a place of public accommodation, or that its website is otherwise subject to Title III of the ADA, and Defendant denies any violation of the ADA or any other wrongdoing.

2. To avoid continued litigation, to provide a reasonable degree of certainty as to the accessibility of the Website, and to provide an effective mechanism for addressing issues that may arise without the need for future litigation, the parties request entry of the Consent Decree attached

hereto as Exhibit "A."

3. The desire to provide a reasonable degree of certainty is particularly compelling in light of the Eleventh Circuit's decision in *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021), and the Eleventh Circuit subsequently vacating that decision. *See* 21 F.4th 775, 776 (11th Cir. 2021). As such, there currently is no controlling law in the Eleventh Circuit as to the applicability of Title III of the ADA to a website operated by a commercial business.

4. The parties agree and respectfully submit that the attached Consent Decree is fundamentally fair, adequate and reasonable to improve access at the Website for persons with disabilities, and otherwise meets the purposes of Title III of the ADA.

5. The standard for evaluating a consent decree was cogently and succinctly set forth by the court in *Florida Wildlife Fed'n, Inc. v. Jackson*, No. 4:08cv324-RH/WCS, 2009 WL 5217062, at *3 (N.D. Fla. Dec. 30, 2009):

> A court may properly enter a consent decree only if the settlement it incorporates is "fair, adequate, and reasonable and is not the product of collusion between the parties." *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977). As a general rule, "[d]istrict courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa, Fla.,* 117 F.3d 1238, 1240 (11th Cir. 1997). The decree must not violate the Constitution, statutes, or governing law. *Id.*; *Howard v. McLucas,* 871 F.2d 1000, 1008 (11th Cir. 1989). When the underlying claim is to enforce a statute, the consent decree must be consistent with the statutory objectives. *See White v. Alabama,* 74 F.3d 1058, 1074 & n. 52 (11th Cir. 1996).

6. The parties' attached Consent Decree clearly satisfies this standard. It is fair, adequate, and reasonable, and it is not the product of collusion. Moreover, the Consent Decree is consistent with the general accessibility objectives of the ADA.

7. This Court and other Judges in this District have approved consent decrees substantially similar to the parties' Consent Decree in this action. *See, e.g., Fernandez v. Lago Mar Beach Club, Inc.,* No. 0:24-cv-62247-PCH, ECF No. 18 (S.D. Fla. Jan. 28, 2025); *Fernandez*

*v. Poke 888 LLC,* No. 24-cv-81328-DMM, ECF No. 10 (S.D. Fla. Jan. 13, 2025); *Fernandez v. Bolufe Designs, LLC*, Case No. 9:22-cv-81034-DMM, ECF No. 14 (S.D. Fla. October 7, 2022) (Middlebrooks, J.); *Petersen v. Brighton Collectibles, LLC*, Case No. 0:22-cv-61220-KMM, ECF No. 18 (S.D. Fla. September 21, 2022) (Moore, J.); *Lucius v. Via Emilia Garden, LLC*, Case No. 1:22-cv-20771-JLK, ECF No. 15 (S.D. Fla. May 27, 2022) (King, J.); *Fernandez v. Dock Square Clothiers Incorporated*, Case No. 9:22-cv-80022-KAM, ECF No. 11 (S.D. Fla. March 7, 2022) (Marra, J.); *Fernandez v. Shuart Enterprises*, Case No. 9:21-cv-80605-RKA, ECF No. 20 (S.D. Fla. June 21, 2021) (Altman, J.).

8. Accordingly, the parties respectfully request that the Court review, approve and ratify the attached Consent Decree. As part of the parties' settlement embodied by the Consent Decree, the parties have agreed to a dismissal of this action with prejudice, with such dismissal being conditioned on the Court retaining jurisdiction to enforce the Consent Decree. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012). Therefore, the parties request, upon the Court's review, approval, and ratification of the Consent Decree, that the Court dismiss this action with prejudice and reserve jurisdiction to enforce the Consent Decree.

9. Except as otherwise stated in the Consent Decree, the parties to this action shall bear their own respective fees and costs.

WHEREFORE, the parties respectfully request that the Court enter an order (a) approving and entering the attached Consent Decree, (b) dismissing this action with prejudice, (c) retaining jurisdiction to enforce the Consent Decree and (d) granting such additional relief as the Court deems just and proper. A proposed Order granting the relief requested is attached as Exhibit "B".

Dated: February 12, 2025.

Respectfully submitted,

**RODERICK V. HANNAH, ESQ., P.A.**
Counsel for Plaintiff
4800 N. Hiatus Road
Sunrise, FL 33351
T. 954/362-3800
954/362-3779 (Facsimile)
Email: rhannah@rhannahlaw.com

By: *s/ Roderick V. Hannah*
RODERICK V. HANNAH
Fla. Bar No. 435384

**LAW OFFICE OF PELAYO DURAN, P.A.**
Co-Counsel for Plaintiff
6355 N.W. 36th Street Suite 307
Virginia Gardens, FL 33166
T. 305/266-9780
305/269-8311 (Facsimile)
Email: Duranandassociates@gmail.com

By: *s/ Pelayo M. Duran*
PELAYO M. DURAN
Fla. Bar No. 0146595

**PATHMAN LAW LLC**
Counsel for Defendant
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, FL 33131
T. 305/379-2425
tfaenza@pathmanlaw.com

By: *s/ Tara E. Faenza*
TARA E. FAENZA
Fla. Bar No. 106928